UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-58-TAV-JEM |
| | ) | |
| APRYL HARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 14], filed on August 9, 2024.

Defendant asks that her trial be continued for approximately ninety days and that the Court extend the motions and plea deadlines. In support of her motion, Defendant asserts that defense counsel has not been able to complete his investigation into the case and therefore cannot fully advise Defendant. Further, she states that granting a continuance in this case will provide the parties an opportunity to make a full resolution of the case against her. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Defendant informs the Court that counsel for the Government has no objection to the continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to investigate the case, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 5, 2024 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 14**]. The trial of this case is reset to **January 28, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 9, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 28, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 9, 2024**, and the new trial date of **January 28, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **September 12, 2024**, and responses to motions are due on or before **September 26, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 27, 2024**;

(6) the deadline for filing motions *in limine* is **January 13, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 14, 2025, at 3:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 17, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge